854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Margaret Slade COLLINS and Fredric Collins, Sr., Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1270.
 United States Court of Appeals, Federal Circuit.
 July 14, 1988.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and EDWARD D. RE, Chief Judge.* 
 PER CURIAM.
 
 DECISION
 
 1
 The order of the United States Claims Court, No. 59-88C (February 2, 1988), dismissing Margaret Slade Collins' and Frederick Collins' (the Collins') complaint because it sets forth claims either barred by the statute of limitations, 28 U.S.C. Sec. 2501, or outside the jurisdiction of that court, 28 U.S.C. 1491, is affirmed.
 
 OPINION
 
 2
 The Collins' have shown no error in the Claims Court's conclusion that they failed to set forth any claim not barred by the six-year statute of limitations, 28 U.S.C. Sec. 2501, or otherwise within the jurisdiction of that court.
 
 
 3
 Most of the Collins' claims arose before November 19, 1979. Dismissal of those claims was proper because 28 U.S.C. Sec. 2501 specifically mandates a six-year statute of limitations, and "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 352 U.S. 270, 276 (1957). Nothing in the record even remotely suggests facts which would justify a tolling of the limitations period.
 
 
 4
 Further, we agree that the remainder of the Collins' claims are outside the jurisdiction of the Claims Court. The claim for mistreatment sounds in tort, and the claims of violation of constitutional rights do not give rise to claim for money damages.
 
 
 5
 There is no substance to the Collins' argument that if the claims appear "friviolous [sic], it is because the petitioners [sic], are in PRO PER, PER SE [sic]...." The Claims Court examined the Collins' claims in the light most favorable to them and tested whether those claims stated any claim for which relief could be granted under any theory within that court's jurisdiction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation